EAST ST. LOUIS ILLINOIS

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF ILLINOIS

MARC NURFLEET (R57214)                    "NO EXHIBITS HERETO, NOR HEREWITH"

Pro-se Plaintiff

V

JOHN BALDWIN, SHERRY BENTON, MALCOLM HUBBER          18-1758-MOR

JACQUELINE LASHBROOK, KAREN ONALSKI WAHL PITTMAN     FILED

JAIMET, LARUE LONE, MICHAEL        Case No.              SEP 2 4 2018

SCOTT, SAMUEL FURLOW, BENNETT, WANACK NANCY KNOPE    CLERK, U.S. DISTRICT COURT
                                                      SOUTHERN DISTRICT OF ILLINOIS
NORRIS, LAWLESS, JOHN DOE(S)-(orange crush), GAETZ    EASTERN ? ?
                                                      NOTES INDIGENT POOR
TOMAS SPILLER, MARCUS MYERS, CAROL MCBRIDE           10 sheets per month
                                                      per policy to
CHARLES HECK, KENT BROOKMAN, JASON HART              indigent plaintiff
                                                      LAW library will
OVERTRIP SCRO, NEWMAN (IDOC) ILLINOIS (RN/nurse)     Photocopy this
                                                      book on to paper"
DEPARTMENT OF CORRECTIONS (WHCS) WEXFORD HEALTH      then E-File &
                                                      throw e-filed
CARE SOURCES In Their Individual and Official Capacities.   copy away
                                                      & Return Book
Defendants)                                          - this complaint one

TIMELY THIRD AMENDED COMPLAINT PER FRCP R.15(a)

INTRODUCTION

1. This is a Pro-se legal layman complaint against State
actors for knowingly and intentionally depriving Plaintiff of following
recklessly violating Plaintiffs (USC) United States
Constitutional Fourteenth Amendment Due Process & Equal
Protection Clause Rights; First Amendment free Speech & liberty & court access
rights secured under our USC.  Plaintiff presently
is still an innocent prisoner captive within IDOC
during all times of herein Complaint Southern District events.
Seeking compensation for USC deprivation-violations cited herein

THOUGHTS // NOTES // PRAYERS

2 of 53

## JURISDICTION

2.
This Court has jurisdiction over Plaintiff's Federal law Of the land claims pursuant to 28 USC §1331, 42 USC §1343 -§12101 et seq., the Rehabilitation Act of 1973, 29 USC §794(a) and Supplemental jurisdiction over Plaintiff's State law Claims pursuant to 28 USC §1367 et seq. (maybe (c)(3)) per inadequate State Court of Claims remedies exausted on herein two property claims

## VENUE

3.
The (USSDC) United States Southern District Court is the proper venue per 28 USC §1391 (b)(2), as the events giving rise to all herein claims/counts occurred in USSDC Venue.

## PLAINTIFF

Pro-se Plaintiff-Marc Norfleet (R57214) confined within (MENCC) Menard Correctional Center, 711 Kaskaskia Street/Box 1000, Menard, Illinois (IN Chester County) 62259

## DEFENDANTS

4.
(a) JOHN BALDWIN is Defendant IDOC's Director over all operations, policy maker, inforcer (ARB) Administrative Review BOARD Chief overseer over all IDOC facilities for inmates welfare & safety, 1301 Concordia Court Springfield, IL 62794.

b) SHERRY BENTON is Defendant IDOC's ARBOARD-ARB chair person who has the authority same as Defendant Baldwin to eliminate Plaintiff's welfare and safety and property deprivations & correctly compensate for USC violations pursuant to these deprivations.

3 of 53

1301 Concordia Court Springfield, IL. 62794

c) JACQUELINE LASHBROOK - Head Warden, Chief Administrator of all operations-subordinate herein Defendants with in (PNKCC) Pinckneyville Correctional Center, Menard Correctional Center(MENRD) Facilities of Defendant IDOC concering Plaintiffs Welfare and Safety, property, USC Rights.5835 State Route 154, Pinckneyville Illinois 62274, but now 1301 Concordia Court Springfield IL 62794. assigned presently to MENCC. Policy Creator-Inforcer.

c) KAREN JAIMET - Head Warden, chief Administrator of all operations within Pinckneyville Correctional center AS LASHBROOK. 1301 Concordia Court Springfield, IL. 62794, now at PNKCC.

e) LARUE LOVE - Assistant Warden over PNKCC property programs & services (ADA) Americans with Disabilities Act (RA) The Rehabilitation Act of 1973, A-DA facility Coordinator-etc. 1301 Concordia Court Springfield IL, 62274.

f) MICHAEL SCOTT- IDOC's PNKCC assigned WHCS contracted physician over inmate's welfare and WHCS policy inforcer - IDOC's Policy inforcer 1301 concordia court springfield Illinois 62794.

G) (Eurdow & Bennett) - IDOC's PNKCC assigned internal affairs Security Guard/Officer over facility Safety and welfare ie stuff/inmates/Property, 1301 concordia Court Springfield Illinois 62794.

SCRIBBLE OR GOOGLE OR WHAT THAT LOOKS LIKE BELOW
WHAT IS THE GREAT PURPOSE IN YOUR PLACEMENT?

h-i.) WANACK & NORRIS are both PNKCC Segregation unit Inmate personal property inventory Security Staff 1301 Concordia Court Springfield IL. 62794.

j) LAWLESS - PNKCC facility Lieutenant at all times during this complaints (TV) Television - property distruction claim/State Court of Claims exhausted inadequate remedies - remedies made unavailable 1301 Concordia Court Springfield IL. 62794.

K) JOHN DOE(S)- IDOC - PNKCC Orange Crush members whom removed all occupants/Plaintiff from ability to observe TV- property then broke property and then returned Plaintiff to cell intentionally so IDOC Security Guards. 1301 Concordia Court, Springfield Illinois 62794.

l -m) SPILLER & GAETZ - Plaintiff restates and incorporates all Defendant Lashbrun letter "C" info on previous page 2, as Spiller too.

n) MARCUS MYERS - is IDOCs PNKCC Disciplinary Adjustment committee hearing board disciplinary inflicting staff residing over Plaintiffs 14th Amend Due Process Rights, & 1st Amend & 8th Amend and amenities. 1301 Concordia Court Springfield IL 62794.

o) CAROL MCBRIDE - Plaintiff restates & incorporates above cited letter m of fact No 4 -m. & in addition also Chairperson 1301 Concordia Court, Springfield IL. 62794.

p) KENT BROOKMAN MENCC Chairperson of Disciplinary Adjustment committee hearing board, disciplinary inflicting staff residing over Plaintiffs 14th Amend. Due Process Rights and amenities

1301 Concordia Court, Springfield, IL 62794.

q) JASON HART - Plaintiff restates and incorporates all of the abovecited fact No. 4.0 on page 3 "except Chairperson."

r) OVERTRIP - is PNKCC Security Guard [redacted] over Plaintiffs Welfare safety, property. 1301 Concordia Court, Springfield IL. 62794.

s) SCRO - is PNKCC Security Guard Sergeant over Plaintiffs Welfare safety, property. 1301 Concordia Court Springfield IL. 62794.

t) NEWMAN - is an IDOC Warden, of whom was present in PNKCC during the time period present outside of Plaintiffs assigned cell when John Does with Lawless Present destroyed Plaintiffs TV. 1301 Concordia Court Springfield, IL, 62794,

u) IDOC - is the entity recipient of federal grant fund for Compliance with the Rehabilitation Act of 1973 and its R/A (29 USC 794(a)) - and its (ADA) Americans with Disability Act within all IDOC designated compliant facilities by IDOC - Baldwin, Keane. 1301 Concordia Court, Springfield, IL. 62794.

v) WHCS - is IDOC contracted Health Care entity policy maker employees assigned to & within all IDOC facilities to provide health care to all & comply with RA & ADA 42 USC 12101 etseq. 1301 Concordia Court, Springfield IL, 62794.

LATE Add on → w) NANCY KNOPE - is an IDOC contacted WHCS nurse employee assigned at PNKCC as inmate/staff health care provider. 1301 Concordia Court, Springfield, IL. 62279. TOLD Defendant Scott intentional falsity - claimed Plaintiff hoard hoarded Continued (on pg. 48 of 48 herein)

(1) All Defendants can be reached through & at IDOC 1301 Concordia Court, Springfield Illinios 62794.

(2) Equitable tolling should be applies to herein counts:

(a) Count 1 filed Nov. 07, 2014, Denied Dec. 19, 2016, Rehearing Denied Oct. 03, 2017

(b) Count 2 filed Oct. 06, 2016, Denied Dec. 04, 2017, Rehearing Denied June 05, 2018

# ADDITIONAL
## DEFENDANTS

X) ONALSKI, WHALE, PITTMAN, MALCOLM, HUBBER are all PNKCC Security Guard/officer Correctional Center employees at the prison.

Y) DAN ~~Jesse~~ VARREL is a PNKCC IDOC, WHCS Contracted Health Care ~~Provider~~ Provider, Physical Therapy Department Supervisor Employee.

Z) Jane Doe - **Nurse** Ms. P. is a BMRCC IDOC, WHCS Contracted Health Care Provider nurse who did the segregation unit intake Health Screening of Plaintiff after his arrival from PNKCC in March 2017.

The abovementioned defendants Addresses of X), Y) & Z) Can be reached at 1301 Concordia Court ~~IDOC~~ IDOC Administration Building in Springfield IL. 62794.

SECOND CHANCE JOURNAL

5.                    COUNT I   "legal lay man presentation"

a) State of Illinois Court of Claims Remedies **Inadequate**
42 USC § 1997 e(a) See Tenny V. Blagojevich
659 F. 3d 578 (7th, 2011) "**citing**" Parratt V. Taylor
451 us at 539, 101 S.ct. 1901 Stating; the Plaintiffs have
not alleged that post deprivation remedies are inadequate
which is fatal to their claim; and LaBella Winnetka Inc. V.
Village of Winnetka 828 F. 3d 937, 944 (7th cir. 2010) stating
the plaintiff alleges neither that it availed itself of
State post-deprivation remedies, nor that the available
remedies are inadequate, as it was required to do
Id. at 582.           42 USC § 1997 e(a) 28 CFR § 40.1 (d)

b)   Pro se Plaintiff shall not be denied property of his without
USC Fourteenth Amendment Due Process of Law.  Previously in
the court of Claims State of Illinois Pro-se Plaintiff
filed on November 07, 2014, Case No. 15 CC 1341 seeking
to be reimbursed for Defendant Lawless, Subordinate
"Defendant (Orange Crush) John Doe's" knowingly
deliberate indifferent treatment distruction of Plaintiffs
$201.25 **TV** while Defendant Newman was present;
along with        (See Next page-continued)

SCRIBBLE OR DOODLE WHAT THAT LOOKS LIKE BELOW.
WILL YOU PLACE YOUR TRUST IN THE ONE WHO CAN?
WHILE YOU CAN'T NECESSARILY CONTROL THE OUTCOME,

8 of 52



**01/03/17** < As Stated In Petition For Rehearing > Filed 01/03/17 =

c) Additionally within abovementioned 15 CC 1341 filing Defendant Lawless after his Defendant John Doe's destroyed Plaintiffs TV, and Plaintiff filed an Institutional grievance; **Defendant Lawless intentionally refused** along with Defendant Spiller to properly **arrive & enter** Plaintiffs **locked cell** to **verify or deny-denounce**→ Plaintiffs grievance complaint:

(1)     and upon substantiating Plaintiffs
Defendant John Doe broke TV, Then (Hutber?)
Defendant Spiller instruct subordinate
staff or personally issue Plaintiff
a movement pass - instructing
Plaintiff within his grievance to
utilize issued movement pass to exit
assigned locked cell with substantiated
broken TV in hand to be pushed over
delivered at time cited on pass to
property room supervisor Mr. Hagnie

→ **OR** ←

(2)     and upon not substantiating Plaintiffs
"Defendant John Doe - Orange Crush **Broke**
Plaintiffs **TV**, Then" Defendant Spiller (Hutber?)
instructs subordinate staff to issue Plaintiff A
a disciplinary ticket for providing false
information in Plaintiffs grievance, because

Ct. of Claims
Petition
For Rehearing
Denied on
10/03/17

upon attempting to putting forth effort to substantiate Plaintiffs allegations of Defendant Orange Crush, Lawless misconduct of knowingly destroying Plaintiffs TV-property- Plaintiffs TV after entering Plaintiffs locked cell was found in working order. Rehearing Denied 10/03/17

6. 12/19/16 Court of Claims In Its Deny Plaintiffs Claim See QUOTES Yet in response to Plaintiffs November 18, 2014, March 18, 2015 Defendant Spiller instructed-trained his Counselor subordinate employee not to investigate Plaintiffs grievance substance of complaint, but instead to one sidedly ask & rely only on Defendant Lawless Shakedown slip "for proof of confiscation" & QUOTE: The Counselor would be the first person to investigate missing property using property office files and after that, the grievance officer could review matter. (emphasis and underlining added)

AND

QUOTE: If a television is broken it usually goes through the grievance process. The records indicate Claimant had a television as of September 12, 2014 and if it was damaged beyond repair in March, 2014 then it should have come to personal property (emphasis, underlining added) Then fact 5-c was filed

See pg. 6 Pet for Rehear

10 of 53

→ ALL IDOC facilities Property Rooms Have Abandoned Used TV's? (for Replacement)

Legal Standard #3

7. Part two of Count 1 - 15-CC-1341 is the $403.22 November 07, 2014 personal property of Plaintiffs (1)

Defendant Furlow Knowingly deprived Plaintiff of his USC 14th Amendment due process clause & "Class of one" equal protection clause, Intentionally unnecessarilly not forwarding, but depriving Plaintiff of $403.22 worth of Plaintiffs property through sending Plaintiff to segregation unit without Plaintiffs Property, of which Defendant Furlow did not secure or Ever forward to Plaintiff in Segregation unit or ever, (2) there was no rational basis for this treatment abovementioned here in fact No. 7.

See Engquist V. Oregon Dept of Agriculture 553 US, 591, 601 (2008); and Village of Willowbrook V. O'lech 528 US, 562, 564 (2000).

a) However the state Court of Claims remedies after Plaintiff filed were and are inadequate & a complete denial of USC 14th Amendment due process in this Case. The State Court ignored the facts

WHAT WOULD IT LOOK LIKE FOR YOU TO ALLOW GOD TO FIGHT FOR YOU AS YOU HEAL FROM BETRAYAL? SCRIBBLE OR DOODLE WHAT THAT LOOKS LIKE BELOW

SECOND CHANCE JOURNAL

11 of 53

Plaintiff's Court of Claim $403²² personal property deprivation. As Defendant Furlow did "not" dispute the facts within Plaintiffs November 07, 2012 IDOC PNKCC facility grievance. Plaintiff is also "Knowing" Plaintiff of "his" rights (cont) N.

And when you can't see to forgive or get yourself to flip, give it's past into your and move on. While you couldn't help being harmed, you are free to forgive

life is marked by the radical clearness of God's peace which transforms to forgive hurt. You are not a failure if

Here are some things to remember so that you don't

that states Plaintiff is to be allowed to secure & pack his own property & transfer within Property ~~per Defendant IDOC~~ or IDOC → PNKCC Rule is and Wash & is to Authorize Transferred within Plaintiff Possession to Segregation Department

b) Same with abovementioned TV part 1 of this Count I Defendant Sheller is responsible

So what's the real response when we've been harmed During their nature starts Defendants Condoned, ie, Lawless etal Defendants.

c) → All Administrative Remedies Are Exhausted as 2nd State, 42 USC 1997e[a]

Conclusion to abovementioned Count 1:

(1) Part 1 of Count I, Defendants replace Plaintiffs TV with one of the many inmate abandoned TVs within any of all IDOC facility property room(s) in working order or $201.25

(2) Part 2 of Count I Defendant(s) refund Plaintiff $403²² for property deprivation.    12 of 53

## COUNT II

(8.) On 11/01/16, 11/08/16, 11/15/16, 11/17, 16 2/14/17 Defendants Baldwin, Lashbrook, Love, Jaimet, Keane, Malcolm, Hubber, Onalski, Webb, Pittman, IDoc on one or more of these Count II cited dates at PNKCC knowingly treated Plaintiff intentionally deliberately indifferent to Plaintiffs USC Rights & his following Rights Welfare & safety secured by and under our USC. As these Defendants recklessly deprived Plaintiff of his USC Fourteenth Amendment Due Process clause Rights upon Violating Plaintiffs 42 USC § 1983, 42 USC §12101 et seq., 29 USC §701 - §705 (a)(b) - §794 (a) Title II of the Rehabilitation Act of 1973 Rights, through refusing to comply with Plaintiffs 7/19/16 indifferent "waist chain" medical permit.                    WHCS disability accommodating waist chain permit. I These Count II Defendants intentional non-compliance with Plaintiffs WHCS waist chain permit was knowingly done to deprive Plaintiff intentionally of his USC Eighth Amendment Right upon deliberately subjecting Plaintiff to approximately 14 to 18 hrs on each abovementioned Count II date, to cruel and unusual punishment; by & through the many court writ to & from Cook County Courthouse transport hours of intentionally aggravating Plaintiffs chronic displaced nerve condition and long lasting cuts bruising, swelling of both Plaintiffs wrists & tingling fingers. This inflicted pain to wrist became worse & worse in duration each trip, pursuant to all Defendants placing Plaintiff knowingly forcing Plaintiff into a "black/blue box belly chain intentionally arbitrary to Plaintiffs valid medical waist chain permit for reckless non-disability accommodation .

SCRABBLE OR DOODLE WHAT THAT LOOKS LIKE BELOW
WORTHY YOU TRULY ARE?
HOW CAN YOU START TO REALIZE JUST HOW

COUNT III

9.) Background of this Count is: upon 2006 entry into IDOC-WHCS 42USC§12101 etseq care, Defendant IDOC-Director care & it's contracted WHCS Defendant Christine Boyd care; through these Defendants ongoing policy custom and practice of forcing Plaintiff (and others) all to unnecessarily send the perfect wheelchairs possessed upon arrival into IDOC--WHCS custody away from IDOC; upon intentionally forcing the acceptance of IDOC-WHCS knowingly dangerous substandard junk wheelchairs, substandard junk wheelchairs that often fail to provide beneficial and meaningful (42USC§12132(a)(b)) access to programs and services. IDOC-WHCS RA grant money money purchased wheelchairs that knowingly in said ongoing continuous pattern structurally unexpectantly fail while dependent upon in motion; placing Plaintiff (and all others) welfare and safety in complete intentional danger.

On approximately 02/10/2017 in segregation unit of PNKOC in route to counselors office for scheduled phone call, the guard/officer informed Plaintiff that the right handle grip was loose, Plaintiff responded probably a loose allen wrench screw, ie accustom to loose screws.

Issues of this Count: On 02/14/17 as a direct result of the abovementioned substandard wheelchair

14 of 53

policy forced on Plaintiff, during 14 to 18 hr court wheelchair transport van writ in belly-chain-black box restraints (reckless improper restraints) the right rear back support suddenly broke off/failed right in front of the transport officer while he was attempting to hand Plaintiffs hand a lunch sandwich. Plaintiff suddenly fell straight back in tremendous pain with no way to grab wheelchair armrest due to the Count III Defendants internally intentionally not honoring Plaintiffs medical disability accommodating wrist & chain permit. Ultimately the transport officer N-rigged the broken back rest post to the right side wheelchair armrest with cable tie - IDOC temporary restraints for remainder of trip.

On 02/14/17 Defendants IDoc, IWHCS substandard wheelchair policy further more upon return from Plaintiffs court writ transport cause ~~restrained~~ no adequate wheelchair replacements to be available. Plaintiffs broken back support wheelchair was replaced with a substandard wheelchair that contained a known defective seat. Plaintiff complained of the defective seat that Defendant IDoc, IWHCS Baldwin, →~~Trishmeet~~, Lashbrook, Love & Dan Varrel Knowingly Issued (caused to be) → Policy enforced by

15 of 53

to Plaintiff. However Defendant Dan Varrel— The head

HOW CAN YOU LIVE MORE IN THIS MOMENT SO THAT YOU
DON'T MISS OUT ON YOUR MIRACLE?

SCRIBBLE OR DOODLE WHAT THAT LOOKS LIKE BELOW

Supervisor of the physical therapy department did order
"yet another" replacement substandard low quality junk
dangerous new wheelchair, to replace the partially defective
seat real recent replacement chair. But before Plaintiff
could possibly receive the chair Dan Verrel ordered,
Suddenly Plaintiff was transferred in transport van in
clearly obvious defective seat chair to (BMRCC) Big Muddy
River Correctional Center.

Upon entering BMRCC Plaintiff informed the (WHCS) Jane Doe
intake nurse - showing her - possible name definitely
begins with a Ms. P, possibly Pasqual (spelling way off)" the
weak seat chairs. This Jane Doe - Ms P. named intake
nurse upon being made aware of all the above, instructed
Plaintiff to be patient and the new replacement chair
WHCS Dan Verrel ordered will follow me/arrive soon.

Then a few days later on March 05, 2017 Plaintiff
as a direct result of the above count III Defendants
treating Plaintiff intentionally deliberately indifferent

16 of 53

to Plaintiffs USC 14th Amend Due Process & Equal Protection Rights & RA/ADA Rights as herein now restated and incorporated from count II fact No ⑧ by not providing adequate disability accommodating wheelchairs pursuant to Policy, Intentionally subjected Plaintiff to the knowing deprivation of his USC 8th Amendment Right not to be subjected to cruel and unusual punishment, Upon Plaintiff falling through his wheelchair seat unexpectly violently hitting floor, causing Plaintiff to receive the present ongoing continuous injury of a displaced ligament lodged between Plaintiffs pelvis & femur bones in left hip socket of which Menard CC physician Siddiqui states their is no cure for & prescribed Plaintiff 100 Mg Tramadal pain medication 2X BID/daily that helps somewhat, denying treatment request of Plaintiff.

»DELIVER TO«

INMATE NAME:

HOUSE:

176f53

10.

# COUNT 4

a) State of Illinois Court of Claims Remedies Inadequate. 42 USC § 1997 e(a) Plaintiff restates and incorporates previously cited herein fact No. 8-a on page 8 case law, and fact No 8-b case const. law, Because Federal Case law § 1997 e(a) **Not Taken under Consideration.**

b) Previously in the State of Illinois Court of Claims on October 06, 2016 Plaintiff filed **17·CC 00782** Seeking to be reimbursed for Defendant's Wanack , Norris utilized threats coercion with intentional Condoning Knowingly so deprivation of $197.11 Id. Worth of Plaintiffs personal property cited in Count 1 of Case No. 17 CC 00782" Spiller Condoned ~~(the intentional deprivation of Id.)~~

and in Count 4 of Case 17CC00782 Defendant Wanack intentionally deprived Plaintiff Knowingly so of $21.17 Worth of Plaintiffs personal property. Defendant Spiller Condoned the deprivation of Plaintiffs property Id. ~~(the intentional deprivation of Id.)~~

and in Count 4 of Case No 17CC 00782 Defendants **Scro**, Overtrip intentionally deprived Plaintiff Knowingly So of $18.50 worth of Plaintiffs personal property. Defendants Lashbrook, Benton Knowingly Condoned the intentional deprivation of Plaintiffs property ~~(the intentional deprivation of Id.)~~

SCRIBBLE OR DOODLE WHAT THAT LOOKS LIKE BELOW

WHAT'S AT THE CENTER OF YOUR FOCUS? HOW CAN YOU PUT JESUS AT THE CENTER OF YOUR TRAIN OF THOUGHT?

c) During the State Court of Claims process Plaintiffs clearly and straight forward explained that Defendant IDOC, BALDWIN LASHBROOK indigent legal material limiting distribution policy knowingly denied Plaintiff the ability to exhaust his administrative remedies to ARB & timely to ARB Defendant Benton Baldwin Director. Plaintiff request a hearing pursuant to *Pavey v. Conley* 544 F.3d 739 at 743 (2008); *Little v. Jones* 607 F.3d 1245, 1251 (10th Cir 2010); 42 USC § 1997(e)(a) exhaust remedies as are available; and *Black v. Lane* 22 F.3d 1395, 1401 (7th Cir. 1999) where the Seventh Circuit has determined any prison official be they director or warden in a position to cure a wrong who deliberately fails to do so by grievance sabotage refusal to respond to or otherwise in appropriate investigation are liable citing; and; The Seventh Circuit has further determined such a denial would be a first amendment rights access to the courts to correct governmental wrongs because a grievance is a Constitutional protection of free speech, or a liberty interest *See eg Walker v. Thompson* 238 F.3d 1005 at 1009 (7th Cir 2002) *Verser v. Elgee* 113 Supp 1211, 1215 (7th Cir 2002); *See Ford v. Johnson* 362 F.3d 395 (7th 2003) Defendant Benton not timely processing grievances. All cited to & in 17CC 0782 but fully & Completely ignored by State Court of Claims

※※ Legal Standard LEGAL Standard

SECOND CHANCE JOURNAL

The Court of Claims Dismissed Plaintiffs Complaint for Failure, as Defendants urged Court of Claims to do, for failure to exhaust remedies, Denying Petition for Rehearing on December 04, 2017.

d) → All administrative Remedies Are Exhausted as are available 42 USC 1447e(a)

Conclusion to abovementioned Count II

Defendants make Plaintiff whole through Contravening Claim's for 17CC00782.

① Count 1   $197.11
② Count 2   $ 21.77
③ Count 3   $ 18.50
     Copies Postage
              $ 9.10
              $ 246.48

e) As is 705 USC 315, as Count was made Defendant Knowingly during continuous exhaustion process as abovementioned (See suit State page 5) Policy of Defendant Baldwin Lashbrook denying adequate indigent legal supplies to Plaintiff can have effect as

f) Again the above two counts are state Supplemental counts due to State Court of Claims provided non-adequate remedies for both Counts.

20 of 53

SECOND CHANCE JOURNAL

11

## Count 5

a) Plaintiff restates and incorporates the abovementioned fact No. 10-C legal standard on page 19, i.e., *Black v. Lane* at 1401, *Walker v. Thompson* at 1009 denying indigent adequate legal supplies, to recklessly & **did recklessly block** Plaintiff's **access to** his USC 14th Amend due process fair access 1st Amend. & complete access to the State of Illinois **Court** of Claims property claims court & additionally exhaustion of administrative remedies in the previous Count 4 (See Attached Exhibit 20) (18-cv-00564)DRH); and

back in **1985** the Seventh Circuit upheld a jury award of approximately $119/day for unlawful confinement in punitive segregation based on evidence that Plaintiff lost privileges endured "physical discomforts," and "suffered substantial mental anguish, humiliation, and degradation [.]" *Smith v. Rowe* 761 F.2d 360, 368

b) (7th Cir. 1985); and QUOTE: *14.13 For the reasons

WHAT HAVE YOU BEEN SEEING AS A SETBACK THAT
IS ACTUALLY A SETUP FOR GOD'S BEST FOR YOU?
SCRIBBLE OR DOODLE WHAT THAT LOOKS LIKE BELOW

21 of 53

detailed below, this court agrees that the deprivation of Constitutional rights can constitute compensable injuries regardless whether there are claims for mental and emotional harm. See Memphis Comty Sch. Dist 477 U.S. at 316, 106 S.Ct. 2547–48 (Marshall, J. concurring)(deprivations of constitution rights can in and of themselves constitute compensable injuries; to hold otherwise "would defeat the purpose of §1983 by denying compensation for genuine injuries caused by the deprivation of constitutional rights."). Therefore, this court holds with those Courts that have found that §1997e(e) does not preclude Ford from recovering for injuries caused by the deprivation of his due process constitutional rights, as distinct from his claims for mental and emotional harm. Ford v. Bender 2012 WL 262532 (JAN 2012); and 7 Cir. in Rowe, 196 F.3d. at 781 (finding that claims for deprivation of substantive constitutional rights, as opposed to claims for mental or emotional injury, do not implicate Section 1997e(e), Canell

143 F.3d at 1213 (finding claim of violation of inmates First Amendment rights " entitles a plaintiff to judicial relief wholly aside from any ... Mental or emotional injury he may have incurred,"

15. Moreover, Congress purpose in enacting the PLRA was to reduce trivolous prisoner litigation about conditions of confinement and conserve scarce judicial remedies resources. Shahaeed-Muhammed 138 F.supp. 2d at 1004 (E.D. Wis. 2001) (pursued to the wise, then review all claims for any legitimate constitutional issues or determine without accompanying ... prejury mail abuse ... Bender's moodle (6/18/18)

c)   In the following RA/ADA grievance-retaliation denial of exercise denial of fair Due Process refusal to contact Plaintiff witnesses in retaliation for Plaintiff exercising his First Amendment Liberty in fraud to redress of freedom of speech ... Ceuro Thompson at 1004 & ... at 31,140? And/or Fourteenth Amendment Due Process intentional refusal to provide fair disciplinary hearing by issuing many ... & some ... issued disciplinary tickets. See Whitlock v Johnson 153 F.3d 380 384 (7th 1998) (prison's Policy of

→ Not calling nor interviewing witnesses requested to disciplinary hearing violates Plaintiffs disciplinary rights.

23 of 53

SECOND CHANCE JOURNAL

→ II. interviewing requested AT Hearing. instead of falsely claiming to of contacted, 1/2 of requested 4 witnesses & to of summarized their testimony was not legitimate means of "calling a witness."

d) See Scruggs V. Jordan 485 F.3d 934,941 (7th Cir, 2017) (Even a meager amount of supporting evidence is sufficient to satisfy this inquiry).

& NOTE: anything regarding supporting evidence (Atty. Gen. Asst) would be invoked only after the abovementioned fact No. 8-c pg. 11 appropriate investigation in accordance with USC 14th Amend due process procedures cited in Black V. Lane 22 F.3d 1395,1401 (7th Cir. 1999); Walker v. Thompson 238 F.3d 1005,1009 (7th Cir 2002)

e) Furthermore regarding achieving a fair disciplinary hearing; Not only must the requirements additionally of Wolff v. McDonnell 418 US 539,563-69 (7th Cir 1998)

be satisfied & Caine v Lane 857 F2d 1139, 1145 (7th Cir. 1998) be satisfied. But the decision of the disciplinary board "must be supported by some evidence – Black v Lane at 1402 (7th Cir. 1994). To determine whether this standard has been met (satisfied) courts must determine whether the decision of the hearing board has some factual basis Webb v. Anderson 224 F.3d 649 (7th Cir. 2000), needing supporting evidence to satisfy this inquiry Jordan at 941 (7th Cir 2017)

## First Amendment Retaliation
### Denial of 14th Amend Due Process

f)

(1)    On September 30th, 2016 Plaintiff was issued a PNKcc baseless disciplinary ticket because of my disability and because of previous written grievances about Defendants Furlow, Lashbrook, Myers, McBrides Conduct of intentional discriminatory retaliation – unfair treatment of Plaintiff.
   Prior to this Sept. 30, 2016 Disciplinary ticket being presented to Defendant Marcus Myers, & McBride's/Hock to be heard: Defendant Furlow had knowingly punished Plaintiff through the intentional discriminatory act of banning Plaintiff from all access to RA/ADA 42 USC § 12137 (2) 79 USC 794 (a), PNKcc ADA Scheduled gym program.
   Then approximately One week later- after Defendant

Furlow banned Plaintiff Knowingly from ADA gym prior to the disciplinary ticket ever being presented to a fair due process hearing board of IDOC, Defendants Myers, &/or McBride or Heck (Need Access to Discovery)

Plaintiff then a week after being intentionally banned from ADA gym & having notified ticket hearing board members Defendant Myers etal of request for 4 law library witnesses 2 staff & 2 inmate workers & that Witnessed Emptying copy fee money voucher out/from over stuffed law library box on route to ADA gym, is why Plaintiff continued on in route to ADA gym with approximately eleven sheets of legal filings", which is not against CNKCC Rule book Rules they say.

9) Defendant Myers etal knowing refused to contact & Summon any of Plaintiffs 4 witnesses who emptied out library mail box on route to ADA gym.

This Defendant Myers etal Never allowed Plaintiff to have any of the 4 request witnesses present during Plaintiffs disciplinary hearing Knowingly so to intentionally violate Plaintiffs USC 14th Amend Due Process & RA ADA Rights with Defendant Furlow, IDOC, McBride or Heck. discriminatory 4+ wks ADA RA gym denial intentionally these Defendants reckless actions caused Plaintiff "intentional infliction of mental & emotional injuries; and

T2.

## Count 6

h.) On October 05, 2016 Plaintiff received a PNKCC retaliatory IDOC Defendant ticket intentionally WHCS written Nurse Nancy Knope ticket knowingly because of Plaintiffs disability and complaining - Exercising freedom of speech retaliation. This Nancy Knope ticket was found located within Plaintiffs door jamb of assigned prison cell. As Defendants Baldwin, Lashbrook subordinate Defendant-IDOC condone policy &/or custom of subordinate IDOC employees **not** serving disciplinary tickets on inmates/Plaintiff but instead ~~98~~ 99% of tickets are checked/marked refuse to sign - never allowing Plaintiff/inmates the opportunity to document reasons/ request for witness. So, Plaintiff always floods adjustment committee with his immediate timely request for witness(es). "IDOC Section 504.80 i 2,5 in person witnesses requested"

i.)  However at the Nurse Nancy Knope WHCS disciplinary hearing where Defendants Fleck, Myers refused to:
  1) refused to recognize & document Plaintiffs handwritten statement, intentionally so; and
  2) Summon Plaintiffs c/o staff witnesses to hearing of whom were escorting Nurse Knope & been present

SCRIBBLE OR DOODLE. WHAT THAT LOOKS LIKE BEL...
HOW CAN YOU LET IT GO AND MOVE FORWARD?
FROM THE GREAT FUTURE GOD HAS PLANNED FOR YOU?
WHAT IN YOUR PAST HAS BEEN HOLDING YOU BACK

27 of 53

PNKCC-IDOC rule violations; and

3) refused to acknowledge that nurse Nancy Knope WHCS employees have absolutely no Constitutional legal jurisdiction to write / initiate Defendant Myers, Heck, McBride, Baldwin, Lashbrook disciplinary punishment tickets alleging IDOC rule violations, or otherwise; and

4) refused to dismiss disciplinary ticket upon Defendants Myers, Heck, Baldwin, Lashbrook by their own admission of made up & Administration condoned story of Plaintiff is guilty of alleged IDOC-PNKCC rule violations for admitting allegedly Plaintiff had a pill in his mouth and nurse Knope also seen pill in Plaintiff mouth & Plaintiff swallowed it.

But instead Defendants Baldwin, Lashbrook, Myers, Heck knowingly & intentionally found & punished Plaintiff as guilty on a retaliatory WHCS non-jurisdictional ticket that knowingly had Ø—nothing to do with IDOC PNKCC 203 Drug & Drug Paranalia, 404 Violation of Rules. Yet, because of Plaintiff exercising his First Amendment right to grievance process & because of Plaintiffs disability these Count 6 Defendants ~~[illegible]~~

Clearly because of an initiated WHCS conspiracy
Utilizing Plaintiffs disability medication needs to
punish & begin the intentional punishment Defendants Love
IDOC Baldwin, Lashbrook, Myers, McBride placed Plaintiff
Knowingly arbitrarily to use rights, PWNCC-IDOC Rules as
guilty of "attempting" to break the rules
Cited by WHCS-Nancy Knope Defendants within their
per pulicy & custom disciplinary ticket. Defendants knowingly
Subjected plaintiff wrungfully intentionally to the
following punishment beyond plaintiffs court
ordered Sentence of:

    1 Month C Grade  (amenities restriction)(No phone)
    1 Month Segregation
    6 Months Contact Visit Restriction ← (No family) (Why?) (Not in Rule Book)

Defendants Baldwin, Lashbrook recklessly
refused to grant Plaintiff appeal of the abovementioned
disciplinary verdict. Plaintiff restates and incorporates
all the previous & following cited Case Law to this
Count 6 facts & All herein Counts. ⬚⬚⬚⬚⬚⬚

K)    Furthermore in a conspiracy



Defendant WHCs Policy of allowing ALL
WHCs medical staff to **initiate** without due process
jurisdiction, IDOC-PNKCC disciplinary
tickets utilizing Plaintiffs disability
accommodating medication accommodation
to wrongfully **initiate** & continue the following
lengthy punishment, le conspiracy See Tillman

*Legal standard*

V. Burge 813 F. Supp 946, 977 (2011) where the Seventh
Circuit cited a recent non-§1985 case Swanson V.
Citibank, 614 F.3d 400, 406-07 (7th Cir. 2010) "reversing"
dismissal of a race discrimination case/claim where few
details were offered at the pleading stage. Plaintiff states,
where in all parties were party in citibank claim participated
in the discriminative motive force behind the §1983
claim events being initiated by "both" WHCs (violating –
per conspiracy without jurisdiction, initiating punishment
RA/AOA Jaros V. Illinois Dept. of Corr 684 F.3d 667, 671 (7th 2012)
intentionally for Defendants of Defendant IDOC to knowingly
follow through, then mures o Defendant SCOTT in the
ongoing RA/AOA retaliatory reckless pattern & WHCs policy & custom

SCRIBBLE OR DOODLE WHAT THAT LOOKS LIKE BELOW
PATH THAT YOU NEED TO RISE UP AGAINST?
WHAT IS SOMETHING THE DEVIL HAS PUT IN YOUR

30 of 53

160

and practice. add the following Count 7 additional
intentionally continuing new pattern of knowing USC
deprivation of all of Plaintiffs abovementioned USC etal Rights and

13. Count 7

See Shields v. Illinois Dept. of Corrections
746 F.3d 782, 796 (7th Cir. 2014) (Where, to
recover against Wexford under our current precedent
Shields must offer evidence that his injury was
caused by a Wexford policy, custom, or practice
of deliberate indifference to medical needs, or
a series of quote of Id. 796 of cited Woodward V.
Correctional Medical Services of Illinois, Inc.
368 F.3d 917 at 927 (7th Cir. 2004); also see
Minix V. Canarecci 597 F.3d 824, 832
(7th Cir. 2010) (Where, Private providers of medical
services to prisoners are treated like municipalities
for purposes of §1983). Municipalities and local
governments are persons subject to suit for
damages under Section §1983. Monell V. Dept.
of Social Services of New York 436 U.S. 658, 701
(1978) and individual employees of local governments
may be sued in their individual capacities for damages
under §1983 Kentucky V. Graham 473 US 159, 165 (1985)

SECOND CHANCE JOURNAL

m) On approximately October 05, 2016 Defendant Scott, Knowingly intentionally in violation of Plaintiffs USC Rights & RA/ADA abovementioned rights discontinued "all" of Plaintiff 16+yr. precribed disability accommodating medications, ie Neurontin, Baclofen, Ibuprofen, as punishment on behalf of Defendant WHCS & Defendant Kmope, Baldwin, Love Lashbrook policy custom & practice for 27 days to a month.

Plaintiff immediately wrote grievances to make Defendant Love, Scott, Lashbrook, Baldwin aware of the punishment Defendant WHCS, IDOC, policy custom Practice, that Defendant Scott recklessly applied & subjected Plaintiff to is subjecting Plaintiff deliberate indifferent treatment violating Plaintiffs USC 14th Amend, 8th Amend & RA/ADA abovementioned Constitutional Rights, through deliberate failure to accommodate plaintiffs disability to intentionally subject plaintiff to Cruel and unusual punishment "even after knowing WHCS-IDOC policy should not of been activated on Plaintiff – "its unconstitutional & should be abolished."

*LEGALS. The relief available to Pro-se Plaintiff prisoner under the ADA & RA are Coextensive Jaros at 67H (the analysis of claims brought under the Title II of the ADA and section

SCRIBBLE OR DOODLE WHAT LOOKS LIKE BELOW

THIS KNOTTED MESS HAS BEEN STRESSFUL, BUT WILL YOU UNWIND IT ALL WITH GOD?

132 of 53

504 of the RA are the same except the RA involves (Defendant IDoc's) receipt of federal funds. [5] In cases involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendments cruel and unusual punishment clause. First an objective element requires a showing that the conditions deny the inmate "the minimal civilized measures of lifes necessities" such as food, Medical Care, Sanatation, or Physical safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); The Second requirement of an Eighth Amendment claim is a subjective element establishing a defendants culpable state of mind, which is deliberate indifference to a substantial risk of harm from prison conditions. Farmer at 837, 842. This means that the official must of known of and disregarded an excessive risk to inmates health. Greeno V. Daily 414 F. 3d 645, 653 (2005) See Kelly V. McGinnis 899 F. 2d 612, 617 (7th Cir. 1990) If gave a certain type of treatment knowing it was ineffective citing Estelle V. Gamble 429 S.Ct. 104, 511 U.S. 587, 590 (7th Cir. 1997) (1) Medical Condition must be significantly serious condition and (2) Physician acted with deliberate indifference; See Sanville V. McCaughty 266 F. 3d 729, 740 (7th Cir. 2011) Defendant must be personally responsible quoting Chavez V. Illinois State Police 251 F. 3d 612, 651 (7th Cir. 2001) See Greeno V. Daily 414 F. 3d 645 653 (7th Cir. 2015) In evaluating the evidence, we must

remain sensitive to the line between malpractice and treatment that is so far out of bounds that it was blatently inappropriate or not even based on medical judgment. I The ADA is operative also when Plaintiffs impairment effects a major life activity See Bragdon V. Abbott 524 U.s.624 (1998). Major life activities are functions suct as "[c]aring for oneself, performing manual tasks, seeing, hearing, eating sleeping, walking, standing, communicating, interacting with others, and working. 29 CFR § 1630.2(i).

Retaliatory treatment— Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights or otherwise complaining about their conditions of confinement. See Gomez v. Randle 680 F.3d 859 866 (7th cir 2012); Walker V. Thompson 288 F.3d 1005 (7th cir 2002); DeWalt V. Carter 244 F.3d 607 (7th cir 2000); Babcock v. White 102 F.3d 267 (7th cir 1996); Cornell Bros 857 F.2d 1139 (7th cir 1988).
A prisoner can state a claim for retaliatory treatment by alleging a chronological order of events from which retaliation can be inferred. Jellis V. Hulick 422 F. Appx 548, 550 (7th cir. 2011)

n) As a further result of Defendant Baldwin, Lashbrook, Love, IDOC (under RA/ADA), **Scotty** Defendant Scott's intentional

34 of 53

applying Defendants " all medication must be discontinued as a Knowing result of Defendant Knope falsely deliberately intentionally telling these Count I : Defendants that Plaintiff was caught by Defendant Knope hoarding Plaintiffs medication, not taking it. For Defendant Scott to apply Defendant IDOC-WHCs discontinuation of all medication policy custom practice to Plaintiff. "

b)     As a direct result of this said policy:

1. Plaintiff was knowingly denied all access 42 USO121320tseq, to all programs and services for 27 to 30 days
    a) exercise program; b) cafeteria (food brought to Plaintiff in cell)
    c) religious service; d) 2 x per day day room amenity program
    e) law library program; f) phone service; g) visiting program
    & additionally Plaintiff received as additionally No family contact intentional punishment - retaliatory

    Additionally as direct result of Defendant Scott Baldwin, Lashbrook, WHCS, IDOC, policy Plaintiff received two additional disciplinary

tickets of amenities punishment for exercising
ete as abovementioned:

On November 14, 2016 Defendant Marcus Myers
had full knowledge that Plaintiff was at the
time, of this hearing 11/14/16 issue & Defendant
Carol McBride additionally during her hearing
hearing November 16, 2016 Second identical ticket
issue. that Plaintiff did not have to
"go" - "leave cell" to dress out for writ
due to (B of I) Bureau of Identification
came to Plaintiffs assigned cell &
dressed Plaintiff Out - Which means
finger printed Plaintiff on 11/14/16
& 11/16/16. Additionally;

P) Defendant Myers, McBride Knew Plaintiff
was denied all medication per Defendant WHC's-IDOC
etal policy. Also all Defendants Know that Defendant
Baldwin, Lashbrook, have policy custom & practice of &for
subordinate employees to grab & break Plaintiff/
inmates smallest finger(s) first in order to
force compliance into " belly chain- BLK/BLU Box
then to court. Alternative be charged with staff
assult with lie of Plaintiff caused own broke finger(s)
during altercation. "AND Defendant McBride lied Knowingly
Falsely stating Plaintiff stated Plaintiff said "I did go on my writ."

q) This plaintiff developed further mental & emotional
damages from Defendant Myers & McBride knowing
policy of discontinuing all plaintiffs medication
& that plaintiff did go on while so
both tickets should of been not guilty
or expunged. Plaintiff personally suffered

Plaintiff should not of received
Consecutive punishments and

14.
     Count: 3
a)   In furtherance of conspiracy to intentionally
deprive Plaintiff of ALL his herein abovementioned
constitutional right & those secured under our USC
because of Plaintiff complaining & disability in a
Pure retaliation for exercising free speech grievances
Defendants Baldwin, Jaimet, Bennett, Myers knowing
upheld condoning the initial 30 days of intentional
Segregation punishment then additional
punishment of c grade phone restriction
Commissary restriction 2 additional months
and acknowledging that plaintiff provided a

37 of 53

SECOND CHANCE JOURNAL

handwritten statement (that request Plaintiffs property be returned to plaintiff), All Count VIII Defendants did to intentionally further inflict mental anguish, emotional stress ordered, arbitrary to Plaintiffs known provided written statement that all Plaintiffs personal property be disposed of & Defendants condoned distruction intentionally of Plaintiffs Property. As Marcus Myers Ordered:

QWE: Dispose per inmate
All excess property

b)  Which Plaintiffs property was & is the complete false guise Subject matter ruse of the investigation segregation 30 day punishment stay & additional punishment & distruction of Plaintiffs Property. Conspiracy to punish. without USC 14th Amend Due Process for deliberate indifferent treatment to cause & did cause USC 8th Amendment cruel & unusual punishment ongoing.

15.                              Count 9

a) On February 06, 2017 Defendant Furlow wrote-initiated retaliating intentional aforementioned herein due process etal rights deprivations; Knowingly according to Defendant Furlow as a result of Plaintiff allegedly complaining about PNKCC employee staff not wearing/displaying an identification badge. Defendant Furlow issued bogus ticket.

b) In retaliation for Plaintiff placing Defendant Furlows name and events of Furlows within Plaintiffs Amended 15-cv-01279 electronically filed complaint exercise, Plaintiffs First Amendment USC right to access to the courts (that Furlow seen upon he, & or Defendant Bennett's actions in previous herein Count VII, search of Plaintiffs property.

c) On February 06, 2017 Defendant Furlow issued Plaintiff a retaliating bogus ticket for Plaintiff's exercising free speech. Then Defendant Furlow intentionally falsely stated within this 2/06/17 ticket that he Substantiated the (alleged) PNKCC WHCS staff ticket allegations of Plaintiff violating IDOC-PNKCC Rule # 211 - Solicitation of Unauthorized Personal Information, * 304 - Insolence. Defendant Furlow says he substantiated the disciplinary ticket

allegations by & through an (alleged) "letter that Plaintiff utilized on 11/7/2012 to seek attention from nursing staff

d) This above mentioned statement of Defendant Furlow is reckless falsehood done to initiate commence punishment - 1st Amend USC punishment mental anguish, emotional distress humiliation, degradation per intentionally as the reason Plaintiff's family can't visit, nor Plaintiff able to call, nor write family (without approved envelope) All Disciplinary Verdict Consecutive Sentences

e) Plaintiff clearly told Defendants Baldwin, Benton, Love, Jaimet, Myers, McBride that Defendant Furlow's February 06, 2017 ticket was false & there is no letter to any nurse about a beautiful nurse who I physically admire, it's all intentional falsehood, and Plaintiff is not guilty, to void ticket, as stated in Plaintiff's 02/08/2017 handwritten statement partially recognized as being submitted to Defendants Myers & McBride Adjustment Committee consideration, And Defendants Baldwin, Benton, Jaimet during Plaintiff's Disciplinary Appeal

SECOND CHANCE JOURNAL

process also ignored the same handwritten Statement. Intentionally so, of Plaintiffs, that states the Tickets allegations "were not substantiated by Defendant Furlows Known lies about an alleged letter to a nurse" in 2012, there was no letter seeking attention from any nursing staff.

f) Additionally Defendants Baldwin, Benton, Jaimet intentionally ignored Plaintiff's appeal grievance, that also informed these defendants that the racial makeup of the hearing board consisting intentionally See Idoc 20 IL Admin. Code Sec, 504.70, a, & B of Sub.Ch. B of two - its two members Defendants Myers, & McBride being of the same race, as a clear USC 14th Known Amendment Due Process violation of IDOC Administrative Directive Rules & for Defendants Baldwin, Benton, Jaimet to Void the Defendant Myers, McBride Adjustment Committees guilty verdict, expunge ticket Final 2/14/17 2 Pg. Summary Report. However all these Count **VII** Defendants in a Known Conspiracy to punish Plaintiff

SCRIBBLE OR DOODLE WHAT THAT LOOKS LIKE BELOW
DREAMS INTO YOUR DAILY ROUTINE?
WHAT WOULD IT LOOK LIKE FOR YOU TO BRING YOUR

intentionally for exercising his USC 1st Amendment right to USC 14th Amendment Due Process through institutional grievance process freedom of speech; court access & to avoid segregation liberty - liberty being (unfairly Knowingly) restricted. All to NO AVAIL.

9) As Defendants Myers, McBride though intentionally ignoring Plaintiffs Due Process rights, submitted statement facts, found Plaintiff guilty and sentenced Plaintiff to: Consecutive to any - All prior sentences

    3  months  C  Grade

    3  months  Segregation

    Revoke Good Conduct Credit or SGt 3 months

    Other  TRANSFER

    3 months Commissary Restriction.

h) Then in their Conspiracy Defendants Baldwin, Benton, Jaimet upheld Defendants Myers, McBride unconstitutional intentional punishment resulting in Plaintiff suffering intentional known (very apparent) mental Anguish, Emotional Distress, humiliation, degradation by family & others ie staff "; ... "; and (Exhibit G)

16a         Count 10

a) :      On March 12, 2017 Plaintiff was issued an Offender Disciplinary Report within 12 days after transfer from PNRCC to (BMRCC) Big Muddy River Cor, Cntr.

b) Plaintiff provided a written statement to MENCC Defendants Brookman, Hart of which Defendants Baldwin, Benton, Lashbrook were also timely made aware of. As IDOC Defendant Baldwins policy custom practice is not to allow inmates/Plaintiff to sign acknowleging receipt of (3/12/17) disciplinary ticket(s), nor allowed to document request per USC 14th Amendment Due Process for witness to be heard at the adjustment committee hearing on the disciplinary ticket. Also the same 3/12/17 day the more the tickets were served intentionally in violation knowingly of Plaintiffs Due Process of Law Rights; Plaintiff was transferred from BMRCC to MENCC at same time."

c) However, Plaintiff managed to supply Plaintiffs written statement to Defendants Brookman, Hart at the MENCC 3/15/17 disciplinary ticket hearing that requested Defendant Brookman, Hart & on Appeal Defendants Baldwin Lashbrook, Benton, all MENCC Defendants were made aware of Plaintiffs 3/15/17 statement requesting Defendants of this MENCC Count, investigate the tickets suspiciousness of falsness.

in that
43 of 53

d) The ticket writer was, per Defendant Baldwin policy" mandatorily escorted by BMRCC Security Guard/Officer at the time of alleged events, c/o {named Mr. Walker (as noted in ticket). "Ticket Writer makes a gross point to (unnecessarily) emphasize that Plaintiff Medication was placed in cup of water then both the cups contents into Plaintiffs Mouth (per BMRCC policy). "Ticket writer then does NOT state that Plaintiff did NOT swallow the cups abovementioned contents," But, instead states Plaintiff three times (3 x) refuse to allow his mouth open for inspection, then suddenly spit Saliva on Region of eye & Cheek area. Only ticket writer "alone" states all all.

Ticket writer states to of investigated Plaintiffs alleged history before writing the ticket, and before appearing with escort Walker at cell & distributing medication to Plaintiff. stating in ticket, Plaintiff had history of not complying

with mouth checks, while ticket writer knew Plaintiff was a new approximately 10 day recent resident transfer.

e) Yet, Plaintiff sought moreso in his hereto attached written statement that the Defendants investigate Plaintiffs claim that the tickets supporting cited Incidents NEVER HAPPENED.

Because the ticket writer was, per Defendant Baldwin Policy assigned a mandatory witness escort, C/o Walker (who per policy opened & closed chuck holes during medication rounds) of whom the ticket writer did not provide any ticket supporting details to what ticket writers escort's on the spot per policy-alleged to of witnessed But instead the ticket writer relied in detail on 3/13/17 following day/date of writing ticket, on a different C/o's Security Guard of whom was assigned to inmate Shower detail 15+ feet away from Plaintiffs assigned cell alleged version the ticket writer wrote of the 3/12/17 alleged events ticket writer claims C/o on inmate shower detail witnessed 24+ hours earlier. Only According to ticket writer alleged victim.

f) Then ticket writer was allowed off work, paid leave (?) Of absence? THOUGHTS // NOTES // PRAYERS for alleged being assaulted?

Lane at 1401, Defendants should of investigated but instead intentionally did no investigation instead found Plaintiff guilty. Knowingly ignoring Plaintiff USC 14th Amend. Due Process submitted statement QUOTE: Based on the observation of the reporting employee (underlining added) (Exhibit H, Officers Report/Ticket & Adjustment Comm. Report)

9) On 3/15/17 Defendant Benton, Baldwin, Lashbrook were forwarded the additional hereto attached Plaintiff handwritten statement requesting again the same previously supplied statement and that under Whitlock v. Johnson, speak to c/o Walker Nurse escort as previously requested verbally to Defendants Brookman, Hart, and investigate before making Knowing appeal decision. Defendants-All intentionally found, condoned & presently still have Plaintiff wrongfully cited in IDOC records as guilty of not assuring any person (Nurse Geary). Then by intentionally depriving Plaintiff of his USC 14th Amendment Due Process & 1st Amendment freedom of speech right & redress of grievances wrongfully Knowingly falsely found Plaintiff guilty & sentenced

46 of 53

Plaintiff to & upheld sentencing plaintiff to

1 Yr. C grade (No phone usage) (total restricted amenities)
1 Yr. Segregation (Solitary Confinement)
1 Yr. Commissary Restriction
6 Mo. No contact Visits    (not even in Rules/Allowed)
all consecutive to any (all) prior
IDOC facility sentencing — Attached

h)

the conspiracy - by Baldwin Defendants Policies

Plaintiff continued (&) suffers mental,
emotional injury, humiliation, degradation
as a result of the abovementioned due
process, freedom of speech to redress of
grievances reckless deprivations.    (Exhibit H.)

17.        Exhaustion of Legal Remedies

• Plaintiff has fully and completely exhausted his
institutional grievance process & through outside Illinois
State Police - MERCC I/A Department, & State of Illinois Court of
Claims pursuant to 42 USC § 1997e(a) as made/are available.

PRELIMINARY INJUNCTION &TRO
INJUNCTION -APP-

18.

a)  State of Illinois Freedom of Information Act
Title 5 USC §552(b), 18 USC §1905 will have to
be utilized to obtain 2016 complete amount of
each -IDOC facility Offender Disciplinary Tickets
served on IDOC inmates, and the numbered amount
of 2016 served IDOC Offender Disciplinary Tickets

marked as Offender refused to sign, and the
numbered amount of 2016 served PNKCC Offender
Disciplinary Tickets citing no witness requested by
IDOC inmate(s).

b)  Because of the Defendant Baldwins ongoing continuous (PCP)
policy custom and practice of Defendant Baldwins IDOC
subordinate employees intentionally erroneously, per pcp
check marking refusal to sign on each&all completed
Offender Disciplinary Reports; then disengaging/separating
each tickets "offender copy- yellow in color" & placing
tickets in each inmates assigned cell door jamb;
continuously recklessly violating/depriving
all subjected inmates/Plaintiff tof our USC 14th
Amend, due process right through deny inmates/Plaintiff

c) Therefore Plaintiff request this court grant the following immediate relief/relief to afford Plaintiff his abovementioned USC First & Fourteenth Amendment protections

1) A (TRO) Temporary Restraining order to block within 14 days any possible Offender Disciplinary Report (ODR) Policy, Custom, practice of Defendant Baldwins from having ODRs served on Plaintiff pre-checked refused to sign two witnesses requested yellow copy only; or

2) A Preliminary injunction for same abovementioned fact 16 (c) (1) reason.

3) An injunction for the same abovementioned fact 16(c) (1) reason,

d) Provide adequate RA/ADA compliant non-dangerous Wheelchairs

e) Allow inmate to keep own chair. All Lawsuits

19 Pursuant to State of Illinois generating Federal grant money income needed allegedly to uphold Illinois citizens welfare & saftey supporting USC rights upholding statutory incarceration; and to receive RA Grant money for State & Plaintiff (and others inmates rights USC) must intentionally continuously knowingly be violated to extend inmates prison stay & SAVE RA money.

Name of Case & Docket No: One in Lake, b. Cook County ND; ND c. 09 cv-4824 d. 10-626 e. 14-cv-1406 f. 15-160 g. 15-1274 h. 18-6264 I. 12 MR01274 j. 17-1782 k. 18-3714 l. 18-1524 M. 15 CO 1274 Dates: 2003 b 04 c 09 d 10 e 14 f 15 g 15 h 18 I 12 j 17 k 18.

Plaintiffs Marc Nugent List All defendants a. Donald Dmyeli b. Cook County Employees c. + m IDOC & its employees, Court L.S., was filed w/ I, NDSC, SDIL, Name of Judge to whom case assigned Greenbush, Stadler-Zagel, Gilbert, Yandle, State cases? Basic claims not USC rights deprivations, ADA deprivations, property & physical injury deprivation. All cases dismissed except 10-cv-160, 15-cv-1274, 18-cv-6264, 18 1524, 10-cv-4626.

49 of 53

131
SECOND CHANCE JOURNAL
Thomas Merton, who wrote a lot about what it means to enjoy life with God, said this: "You do not need to know precisely what is happening, or exactly where it is all going. What you need is to recognize the possibilities and challenges offered by the present moment, and to embrace them with courage, faith and hope."
While it's not up to you to figure out your future completely, you do have to decide who you want to be. Today. Right now. Because this moment is filled with possibilities and challenges.
And it's your responsibility to react. Like Merton says, with courage, be full of faith and have hope. God will turn your [illegible] bravely.
How can you take more responsibility in becoming who God created you to be?

USC 1st Amend. right to access to the Court. Denied
as the direct result of aforementioned Defendant IDOC
Baldwins policy custom & practice Knowingly denying
& blocking inmate(s)/plaintiff from/to:

(1)    20 IL. Admin Code 504. 80 (f)(2)Sub.e
Prior to the hearing, the offender may
"request that witnesses be "interviewed."
"The request shall be in writing on the space
provided in the disciplinary report and shall
include an explaination of what the witnesses
would state." If the offender fails to make
the request in a timely manner before the
hearing, the individual "may be granted a
continuance for good cause Shown.

(2)    Thus—what good cause could could be shown
to convince  IDOC Defendant Baldwin's many facilities/
PNCE Adjustment Committee members to allow inmate(s)/
"Plaintiff, of whom it falsely appears chose not
to timely request witness(es) & document explaining
what witness(es) would state during the alleged time
the ticket serving employee timely fairly presented
"inmate(s)/plaintiff the opportunity to do so, when inmate/
Plaintiff clearly refused to even sign his signature blocking
acknowledgment of at least receipt of the ticket."

THOUGHTS // NOTES // PRAYERS

. 50. of 53

129

20 Plaintiff demands trial by jury or time saving settlement

SECOND CHANGE/OURNAL

All Cost and Fee's

21

1    Court award Plaintiff all cost and fee's associated with bringing
with filing, bringing, maintaining this 42 USC 1483 complaint from
it's conception, Filing throughout its closure.

22                          Special Master

Court award appointment of a special master to periodically
investigate Defendant IDOC Baldwins subordinate handling distribution
on cite process distribution serving of & recent previous serving of
ODR tickets to IDOC facility inmates of special masters random
choice throughout an up to 5 yr period to confirm courts order
compliance orders on/against I DOC Baldwin. FRCP Rule 53

23                     Emotional Damage,
                per usc, / RA-ADA definitions
    Court &/or jury award $800,000 in emotional damages against
each Defendant according to the turpitude of each and/or alls
involvement causing intentional infliction knowingly of emotional injuries
mental anguish, humiliation, degradation, or whats just & proper.

24                        Punitive Damages
    Court &/or jury award $800,000 in punitive damages against
each Defendant according to the turpitude of each and/or alls
involvement for intentionally subjecting Plaintiff to cruel and unusal
punishment usc 8th Amendment, usc 14th Amendment Due Process RA & ADA
Violation deprivation physical knowing pain & suffering caused on Plaintiff

25                       Compensatory Damages
    Court &/or jury award $800,000 in compensatory damages
against each Defenant according to the turpitude of each and /or alls
involvement for intentionally subjecting Plaintiff to cruel and unusual

SCRIBBLE OR DOODLE WHAT THAT LOOKS LIKE BELOW
WILL YOU BE CONFORMED OR TRANSFORMED?

51 of 53

punishment USC 8th Amendment, USC 14th Amendment Due Process

RA/ADA deprivation violation physical, emotional mental

anguish, humiliation, degradation cruel & unusual punishment

results of injuries suffered.

2b(Repeat)          Count I Relief (pg 5-9)        herein

Plaintiff restates and incorporates; well Quote; fact No 7

on page 9   - Court &/or Jury Award (for 15-cc-1341)

(1) Part 1 of Count I Defendants replace Plaintiffs TV

with one of the many "inmate abandoned TV's within

any of all IDOC facilities property rooms in working

order at $201.25 All pursuant to USC 14th Amend Due Process Deprivations

(2) Part 2 of Count I Defendants refund Plaintiff

$103 ²² for property deprivation; All pursuant to USC

14th Amendment Due Process deprivations of Plaintiffs Equal Protected Civil rights

rights by herein Count I Defendants    (EX. A)

          Count 2 Relief  (pg 10-12)  herein

Court &/or Jury Award (for 17cc 0782)

Defendants make Plaintiff whole through

Compensating Plaintiff:

(1) Count 1  $197.11

(2) Count 2  $ 21.17

(3) Count 3  $  9.40   Copies & postage

            $246.18          (EX. B)

All pursuant to USC 14th Amendment Due Process Deprivations

of Plaintiffs rights, Also Class of One Equal Protection Clause deprivations.

*Regarding herein Count I & II - Equitable tolling is granted when circumstances outside of Petitioner's control have prevented timely filing (In cagal suit) See United States v Marcello 212 F.3d 559 (7th Cir 2001) Tolling is applicable when the delay is found to be a result of the State Court or defendant See Modroski V Nolte 3127 F.3d 967 fn 2 (9th Cir 2003)*

## Affidavit

I Marc Norfleet (R57214) swear upon my own oath under penalty of perjury pursuant to 28 USC 1746, 18 USC § 1621 that all herein is true to the best of Plaintiffs damaged mentally disturbed excessively stressed ability.

### Proof of Service

I Marc Norfleet (R57214) have placed this entire document in the MENCC institutional mailbox pursuant to FRAP R. 4 (c) on this 1st day of Nov 2018 to be Electronically by law library filed 40 pp. with its various discovery fact pleading.

Since prose legal layman not clearly understanding how to layout the full state claims in this Complaint

However Plaintiff did his best with this ragged Defendant BALDWIN — Idoc supplied indigent

Bell Atlantis v Kemer 404 US 519, 520, (1972), Arden v. Hardman 241 F 3d 544, 545 (7th cir 2001) And

74 (2007); Bell Atlantic Corp v. Twombly 550 US 544 (2007)

Ascroft v. Igbal 556 US 662 (2009), Arnett v. Webster 658 F 3d 742, 757 (7th Cir, 2011) Both Courts stating Courts are to construe prose complaints liberally and hold them to less strict standards than formal pleadings drafted by lawyers.

Pursuant to institutional mailbox rule deliver SS filing to US District Court East St. Louis Illinois 62201, then Court E-files notice of filing to Defendants herein

MENCC Box 1000 Menard, IL 62259 MARC NORFLEET (R57214)

52 of 53